**ORIGINAL**

**FILED**

03/09/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 23-0153

## IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 23-0153

INNOVATIVE CONTRACTING, LLC, a
Montana limited liability company, ANDREW
HOEL, JIM FORS, and JOHN DOES 1-5,

Petitioners,

v.

THE MONTANA TWENTIETH JUDICIAL
DISTRICT COURT, LAKE COUNTY, THE
HONORABLE JAMES A. MANLEY, Presiding,

Respondent.

**FILED**

MAR 09 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Petitioners Innovative Contracting, LLC, et al. seek a writ of supervisory control to vacate a ruling of the Twentieth Judicial District Court in Lake County Cause No. DV-19-240 in which that court agreed to stay proceedings if Petitioners file a bond with the Clerk of Court sufficient to guarantee the satisfaction of any final judgment against Petitioners up to $1.2 million. Petitioners assert the court erred in conditioning the grant of a stay on the posting of this bond.

Petitioners include the LLC and two of its members who are the defendants in civil litigation regarding a dispute over the construction of a home for which Innovative was the general contractor. According to the petition before this Court, the plaintiff homeowners pled numerous causes of action against Petitioners, including breach of contract, fraud, and conversion. They seek $400,000 in actual damages as well as treble damages.

This matter has been set for trial on March 20, 2023. Petitioners assert that on February 13, 2023, the plaintiffs' counsel informed their counsel that the plaintiffs had discussed a criminal investigation of two of the LLC's members with an FBI agent, and that the plaintiffs believed the FBI would pursue a criminal investigation if this civil case

went to trial. The next day, Petitioners asked the District Court to stay the case, arguing that the potential for criminal charges meant that their witnesses would otherwise be forced to either testify and waive their Fifth Amendment protections or invoke the Fifth Amendment to the detriment of their defense in the civil case.

On March 6, 2023, the District Court issued a Memorandum and Order on Defendants' Motion to Stay and Motion for Expedited Briefing Schedule (Order). In that Order, the court asserted that it was unclear whether a criminal investigation existed, or how likely it was that the LLC members would face criminal charges. However, the court found that the prospect of criminal charges was "not ephemeral." Noting that it had previously granted stays under similar circumstances, the court determined that a stay might be appropriate here. However, the court also determined that the plaintiffs may suffer financial hardship from delaying the litigation and that it may be "especially unfair" where the LLC was no longer doing business and thus might be rendered judgment proof.

The court thus ruled that it would "favorably consider[]" the stay if Petitioners file a bond, as described above, by 4:00 p.m. on Friday, March 10, 2023. The court further ruled that if an adequate bond was not timely filed, this matter would proceed to trial on March 20, 2023.

This Petition followed. We have considered it on an expedited basis given the time constraints as Petitioners filed this petition as expeditiously as possible.

Supervisory control is an extraordinary remedy that is sometimes justified when urgency or emergency factors exist making the normal appeal process inadequate, when the case involves purely legal questions, and when the other court is proceeding under a mistake of law and is causing a gross injustice, constitutional issues of state-wide importance are involved, or, in a criminal case, the other court has granted or denied a motion to substitute a judge. M. R. App. P. 14(3). Supervisory control is appropriate when the district court is proceeding based on a mistake of law which, if uncorrected, would cause significant injustice for which an appeal is an inadequate remedy. *Truman v. Mont. Eleventh Judicial Dist. Court*, 2003 MT 91, ¶ 13, 315 Mont. 165, 68 P.3d 654 (citing *Park*

2

*v. Sixth Judicial Dist. Court*, 1998 MT 164, ¶ 13, 289 Mont. 367, 961 P.2d 1267). Whether it is appropriate for this Court to assume supervisory control is a "case-by-case decision that depends on the presence of extraordinary circumstances and a particular need to prevent an injustice from occurring." *Truman*, ¶ 13 (citing *Park*, ¶ 13).

In this instance, Petitioners assert that they have no remedy on appeal for the District Court's decision to condition the stay on Petitioners' filing a $1.2 million bond by March 10, 2023, although they somewhat inconsistently also assert that allowing the matter to proceed would give them grounds for appeal as they believe this would "call any subsequent verdict into clear question." Petitioners further assert that they are entitled to the relief they seek here because this ruling will cause a gross injustice. Although they offer no evidentiary support for their allegations, they claim they do not have assets sufficient to obtain the bond and the LLC's insurer, who is defending under a reservation of rights, has declined to post the bond. Thus, Petitioners assert, in the absence of a bond they are left with two unpalatable options: "1.) affirmatively defend against civil fraud and theft claims, where a plainly meritorious defense exists, but in doing so potentially provide 'further incriminating' information for a criminal investigation; or 2.) invoke the Fifth Amendment to avoid potential 'further incrimination' but be lambasted with adverse inferences where an otherwise meritorious civil defense exists."

Petitioners argue that this presents them with a "Hobson's choice" akin to that faced by a birthfather whose parental rights were terminated in *In re A.N.*, 2000 MT 35, 298 Mont. 237, 995 P.2d 427. In that case, we distinguished cases in which a party is compelled to incriminate themselves as opposed to those cases in which the party is "merely required to make tactical decisions regarding the defense of his position." *In re A.N.*, ¶ 35 (quoting *Matter of C.L.R.*, 211 Mont. 381, 386, 685 P.2d 926, 929 (1984)). While we determined that A.N.'s birthfather fell in the former category, and thus faced the Hobson's choice of either incriminating himself or refusing to cooperate in the dependent-neglect matter and thus suffer termination of his parental rights, Petitioners in this case fall squarely in the latter category as their decision whether to testify is a tactical decision. Moreover,

3

Petitioners in this case have failed to demonstrate that they cannot establish their evidence by alternative methods that do not require the testimony of these two LLC members. *See Matter of C.L.R.*, 211 Mont. at 387, 685 P.2d at 929 (citation and quotation omitted).

The burden of persuasion is on the petitioner to convince this Court to issue a writ. *Westphal v. Mont. Eleventh Judicial Dist. Court*, No. OP 21-0387, 405 Mont. 438, 495 P.3d 421 (Aug. 17, 2021). In this case, they have also not demonstrated that the District Court's ruling was not merely discretionary, and their petition therefore fails to satisfy the standards for supervisory control. *See Henderson v. Mont. Third Judicial Dist.*, No. OP 22-0069, 408 Mont. 540, 507 P.3d 140 (Feb. 15, 2022).

IT IS THEREFORE ORDERED that the petition for writ of supervisory control is DENIED and DISMISSED.

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioners, all counsel of record in the Twentieth Judicial District Court, Lake County, Cause No. DV-19-240, and to the Honorable James A. Manley, presiding Judge.

DATED this 9th day of March, 2022.

_____
Chief Justice

_____

_____

_____

_____
Justices

4